**Julia H. TORREY**

v.

**Clayton E. TORREY, Jr.**

Supreme Judicial Court of Maine.

Argued June 4, 1980.
Decided July 3, 1980.

Paine & Lynch by Andrew M. Mead, orally, Bangor, for plaintiff.

Silsby & Silsby by Raymond L. Williams, orally, William S. Silsby, Jr., Ellsworth, for defendant.

Before McKUSICK, C. J., WERNICK, GLASSMAN and ROBERTS,* JJ., and DU-FRESNE, A. R. J.

GLASSMAN, Justice.

Clayton Torrey appeals from an order of the Superior Court, Hancock County, which granted the motion of the appellee, Julia Torrey, for arrearages in certain mortgage payments ordered pursuant to a divorce judgment between the parties. The appellant contends that the Superior Court Justice erred in holding that the obligation of the appellant to make payments on the mortgage note in question remained unaffected by the appellee's subsequent refinancing of the mortgage. We affirm the judgment entered on the order below.

The Superior Court granted the parties a divorce on January 2, 1976. Incorporated into the divorce judgment was a settlement agreement which provided in pertinent part that the appellant would convey to the appellee the marital residence in Ellsworth and would assume responsibility for the mortgage indebtedness on the property. In the summer of 1978, the appellee, who had moved to Bangor and had rented the Ellsworth property, entered into a refinancing arrangement with the mortgagee. Under this arrangement, the appellee used the. Ellsworth property as security for the down-payment on a parcel of real estate she had purchased in Bangor, executing a new mortgage note covering both properties. Although the earlier mortgage note was marked "paid," the outstanding balance on this note was not satisfied.

A dispute arose between the parties as to the appellant's obligation for the outstanding balance of the earlier mortgage note, and the appellee filed a motion seeking, *inter alia*, arrearages in the mortgage payments. Following hearing, the Superior Court Justice granted this motion, ruling in part:

> The Defendant's obligation to make the mortgage payments upon the Ellsworth property is not altered by the Plaintiff's refinancing of the mortgage, provided, however, that his obligation monthly shall not exceed the amount of the payments established prior to the refinancing and he shall not be responsible for an amount in excess of the principal indebtedness prior to the refinancing.

Although he did not request special findings of fact or conclusions of law under M.R.Civ.P. 52(a), the appellant now asserts, and the appellee denies, that the mortgage note the appellant agreed to pay was in fact paid in full under the refinancing arrangement. On this premise, the appellant argues that the refinancing of the mortgage excused him from any further obligation to make the monthly payments, urging this Court to adopt a rule that satisfaction of the mortgage debt from whatever source terminates the contractual obligation of the payor spouse. The record belies the appellant's assertion. The evidence is uncontra-

---

* Roberts, J., sat at argument but participated no further.

dicted that although the note was marked "paid" the underlying indebtedness is still outstanding as part of the appellee's total indebtedness on the new mortgage.

 Contrary to the contentions of the parties, we are not here concerned either with disputed questions of fact or with ascertaining the parties' contractual intent. The settlement agreement in this case having been incorporated by reference into the divorce judgment became a part of the judgment of the divorce court. *See Randlett v. Randlett,* Me., 401 A.2d 1008, 1010 (1979). The ruling of the Superior Court Justice that the appellant's obligation under the divorce judgment remained unaffected by the refinancing of the mortgage is a question of law, not one of fact, calling for a construction of the divorce judgment, together with the agreement that it incorporated by reference, in order to ascertain the intention of the divorce court. The relevant provision incorporated into the judgment stated:

> Clayton E. Torrey, Jr., shall convey to Julia H. Torrey all of his right, title and interest in land and real estate owned by the parties in Ellsworth, Maine, and shall assume all mortgage payments owing thereon. In addition he will pay all taxes and insurance premiums owing on said real estate so long as Julia H. Torrey shall live, or until she shall either remarry or sell the premises. Clayton E. Torrey, Jr., hereby agrees to indemnify and hold harmless the said Julia H. Torrey from all liability arising against her by reason of those matters referred to in this paragraph.

Our inquiry, therefore, is to determine whether by this language the divorce court intended the appellant to pay the entire mortgage indebtedness existing on the Ellsworth property at the time of the divorce.

 From our reading of the documents in question, we are satisfied that the divorce court contemplated the provision for mortgage payments as in the nature of alimony rather than as part of an equitable distribution of property. By this provision, the court directed the appellant to make periodic payments in the future to a third party for the benefit of the appellee. Our alimony statute, 19 M.R.S.A. § 721, grants the divorce court broad authority to select methods of providing for the maintenance of the payee spouse which are equitable on the facts of the particular case. *Bryant v. Bryant,* Me., 411 A.2d 391, 394 (1980). In *Bryant,* we recognized the payment of mortgage indebtedness as a permissible alimony order. *Id.* at 394–95. Here, the inference that the court intended the monthly mortgage payments to constitute a form of alimony is supported not only by the nature of the obligation but also by the following provision, which directs the appellant to pay the taxes and insurance premiums on the property until the death or remarriage of the appellee or the sale of the premises, and by another provision providing for only nominal, periodic, direct alimony to the appellee.

 Recognition that the decreed mortgage payments represented a form of alimony for the appellee's maintenance impels the conclusion that the divorce court intended that absent a material change of circumstances [1] the appellant must pay the balance of the mortgage indebtedness existing on the Ellsworth property at the time of the divorce. Nothing in the language of either the judgment or the incorporated provisions indicates that the court intended this obligation to terminate if the appellee later refinanced the mortgage without extinguishing the underlying indebtedness. The Superior Court Justice correctly ruled that

---

1. The appellant did not file a counterclaim seeking modification on the ground that the refinancing of the mortgage constituted a material change of circumstances. *See generally Wood v. Wood,* Me., 407 A.2d 282 (1979). The appellant previously moved for modification on a different ground. In June of 1977, he sought to modify his obligation to pay the mortgage premiums, taxes and insurance premiums on the Ellsworth property on the basis that the appellee's action in moving from the premises and in renting the residence represented a material change of circumstances. His appeal to the Law Court from the denial of this motion was dismissed for want of prosecution.

the refinancing of the mortgage neither enlarged nor diminished the appellant's obligation under the divorce judgment.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.