Barbara WILCOX

v.

**STAUFFER CHEMICAL CORP. and National Union Fire Insurance Co.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1980.

Decided Dec. 8, 1980.

Richardson, Tyler & Troubh, David O'Brien, (orally), Ronald D. Russell, Kevin M. Gillis, Portland, for plaintiff.

Petruccelli, Cohen, Erler & Cox, John Paul Erler, (orally), Portland, for defendant.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

CARTER, Justice.

Barbara Wilcox appeals from the Superior Court pro forma decree affirming a decision of the Workers' Compensation Commission.

Wilcox was injured in December 1977, while employed by Stauffer Chemical. She began receiving compensation for total incapacity under an agreement signed in January 1978, and approved by the Workers' Compensation Commission. In July 1979, Stauffer filed a petition for review of incapacity, praying that the compensation being paid in accordance with the agreement "be diminished or ended, and for such further relief as may properly be granted."

After hearings on the petition, the Commissioner issued a decision stating that the Commission "sustains the Petition for Review of Incapacity." The decision did not state that the compensation being paid was to be diminished or ended. Upon the employee's motion, the Superior Court issued a pro forma decree stating: "It is Ordered and Adjudged that the Petition for Review of Incapacity ... is hereby sustained."

Although it may be inferred from his decision that the Commissioner intended to find against the employee and in favor of the employer, his decision does not set forth the final adjudication required by a petition for review of incapacity. The petition for review of incapacity is a procedural vehicle by which either the employer or the em-

ployee may ask the Commission to determine whether the incapacity of the injured employee has increased, diminished, or ended, since the date of the agreement or decree last establishing the employee's compensation. 39 M.R.S.A. § 100.[1] *See Hafford v. Kelly*, Me., 421 A.2d 51 (1980). After a hearing on a petition for review, the Commissioner is authorized to "increase, diminish or discontinue" the compensation. Until there is a final decision on the petition, the employee continues to receive compensation at the rate established by the prior decree or agreement. It is essential, therefore, that the Commission's final decision on the petition for review indicate what, if any, change has occurred in the employee's work capacity and what, if any, change is to be made in the compensation being paid. The Commission's statement that it "sustains" the petition is simply not the specific determination called for by the statute.

▇ Neither can we ascertain such a determination from the Commissioner's response to the employee's motion for specific findings, pursuant to 39 M.R.S.A. § 103. The Commissioner's findings did not indicate whether or to what degree there had been a change either in the employee's disability or in the cause of the employee's disability.[2] *See Dufault v. Midland–Ross of Canada, Ltd.*, Me., 380 A.2d 200, 203 (1977). Without such findings, it is impossible to infer a determination that compensation should be reduced or suspended.

▇ Since the Commissioner's decision did not properly dispose of the employer's petition, this court is unable to review the pro forma decree affirming that decision.[3] The pro forma decree serves the dual purpose of giving enforceability to the Commission's decision, 39 M.R.S.A. § 104, and providing the basis for appeal from the decision, 39 M.R.S.A. § 103. *Moreau v. Zayre Corp.*, Me., 408 A.2d 1289, 1291–92 (1979). In this case, however, there is no order that can be enforced by the Superior Court and no final adjudicative determination to be reviewed on the appeal. The Superior Court has no power to cure the defect in the decree. Its authority is limited to rendering a decree in accordance with the Commissioner's decision. 39 M.R.S.A. § 103. Therefore, we remand to the Commission for a final decision on the employer's petition for review of incapacity.

The record does not indicate whether the employee's compensation has actually been suspended. Since there was, in effect, no final decision on the petition for review of incapacity, and no order decreasing or discontinuing the compensation, the employee's compensation should have continued without interruption.

▇ Since the Commissioner who presided at the original hearings is no longer a member of the Commission, only the writ-

1. That statute reads, in pertinent part:

   While compensation is being paid ... under any agreement, award or decree, the incapacity of the injured employee due to the injury ... may from time to time be reviewed by a single commissioner upon the petition of either party upon the grounds that such incapacity has subsequently increased, diminished or ended .... Pending a hearing and final decision upon such petition for review, ... the payment of compensation shall not be decreased or suspended ....

   Upon such review the commissioner may increase, diminish or discontinue such compensation ... in accordance with the facts, as the justice of the case may require.

2. The employee's motion for findings asked for specific findings as to: whether the employee was incapacitated, the cause of any incapacity, and whether there had been any change in the employee's condition. In his response, the Commissioner failed to state whether or not the employee was incapacitated, failed to positively identify the cause of any incapacity, and stated: "The Commission declines to make a finding as to whether there has been any change in [employee's] condition since the time of the Agreement entered into between the [employee and employer] as the Commission finds that this [employee] is unworthy of belief."

3. Appeal to the Law Court arises, not directly from the Commission's decision, but from the Superior Court's pro forma decree. 39 M.R.S.A. § 103. To facilitate review by the Law Court, the appendix to the briefs should at least contain copies of all the operative documents: the Commissioner's decision, the pro forma decree, and the notice of appeal.

ten record is now available as the basis for any new decision. The record indicates that the decision may require resolution of conflicting testimony. On remand, the Commission shall hold a new hearing so that the final decision can benefit from determinations of credibility and findings of fact made by a commissioner who is able to see and hear the witnesses.

The entry must be:

Appeal sustained.

Pro forma decree vacated.

Remanded to the Workers' Compensation Commission for proceedings consistent with the opinion herein.

Further ordered that employer pay to employee $500 for her counsel fees plus the reasonable costs of this appeal.

All concurring.