Jeanette M. WARDWELL

v.

Richard B. WARDWELL.

Supreme Judicial Court of Maine.

Argued March 9, 1983.

Decided April 22, 1983.

Eaton, Peabody, Bradford & Veague, Bernard J. Kubetz (orally), Bangor, for plaintiff.

Twitchell, Linscott & Badger, Orman G. Twitchell (orally), Bangor, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Defendant, Richard B. Wardwell, appeals from an affirmance by the Superior Court (Hancock County) of a judgment of the District Court ordering enforcement of a divorce decree dividing the parties' marital property pursuant to 19 M.R.S.A. § 722–A (1981). The original divorce decree, entered in 1977, incorporated a separation agreement which required the defendant, as president of a jointly owned corporation, to cause the corporation to redeem Jeanette M. Wardwell's stock in the corporation and to provide her with security pending redemption of her shares. On appeal from the enforcement order, defendant contends that the District Court (1) erred in refusing to discount the value of plaintiff's stock to reflect her ownership of a minority interest in the corporation and (2) erred in requiring the defendant to personally guarantee the corporation's redemption of plaintiff's stock. We find no error in the court's determination of value, but we do find that the District Court exceeded its authority in modifying the provision of the divorce decree relating to securing the stock redemption. We vacate the judgment.

## I.

The District Court granted the parties a divorce on June 23, 1977. Incorporated into the divorce judgment was a settlement agreement which provided, in pertinent part, that Robert Wardwell & Sons, a Maine corporation wholly-owned by the parties (92 shares owned by plaintiff and 93 shares owned by defendant), would redeem plaintiff's shares of stock in that corporation over a ten-year period. The agreement provided for an appraisal of the fair market value of her stock and further provided that:

The Husband as President of said corporation also agrees that the corporation will provide some type of satisfactory security to the Wife to secure the performance by the corporation of its obligations under said Stock Redemption Agreement.

On April 28, 1978, plaintiff filed a motion for enforcement of divorce judgment. The motion requested the court to order Richard B. Wardwell, as President of the corporation, to execute a stock redemption agreement, and requested the court to specify the security to be provided to secure performance of that redemption agreement. Following an appraisal of the value of the stock by a master, the District Court ordered the parties to execute an agreement for the redemption of the stock at the appraised value. The court further ordered defendant to personally guarantee the corporation's obligations under the redemption agreement and rejected his contention that his former wife's shares should be discounted to reflect her ownership of a minority, as opposed to a controlling, interest in the corporation. On appeal, the Superior Court affirmed the judgment of the District Court.

## II.

Defendant's first argument, that the court erred in refusing to discount the appraised value of plaintiff's stock to reflect her ownership of a minority interest, is without merit. Defendant asserts that the language of the separation agreement evidences the parties' intent that those shares be discounted.

The relevant provision of the separation agreement states:

The assets of said corporation will be appraised by an appraiser mutually acceptable to both the Husband and Wife, so as to arrive at a fair market value per share of the issued and outstanding common stock of said corporation, and the Husband and Wife as sole Stockholders of said corporation will have said corpora-

tion enter into a Stock Redemption Agreement with the Wife to purchase her 92 shares of common stock of the corporation at its appraised value over a period of ten (10) years . . . .

Once the separation agreement was incorporated into the divorce judgment, it became a part of the judgment of the divorce court. *See Torrey v. Torrey,* 415 A.2d 1092, 1094 (Me.1980); *Randlett v. Randlett,* 401 A.2d 1008, 1010 (Me.1979). Under such circumstances, the language of the separation agreement is significant to the extent that it reveals the intention of the divorce court. *Torrey v. Torrey,* 415 A.2d at 1094. It is the divorce court that must, in every instance, determine that the property settlement is fair and equitable after considering all relevant factors. 19 M.R.S.A. § 722–A. *See Bagley v. Bagley,* 415 A.2d 1080, 1083 (Me.1980). Thus, it is the intent of the divorce court, rather than that of either of the parties, that is determinative. *See Torrey v. Torrey,* 415 A.2d at 1094.

■ From our reading of the divorce judgment and the incorporated separation agreement, we find no indication that the divorce court contemplated a discount of plaintiff's shares of stock. Had a discount been intended, it would have been a simple matter for the court to have so provided. Absent such a provision, and absent facts in the record suggesting it would be an abuse of discretion not to discount the stock, *cf. Crooker v. Crooker,* 432 A.2d 1293, 1297 (Me.1981), we must conclude that the court did not err in this regard.

### III.

■ Defendant next contends that the District Court erred in requiring him to personally guarantee the corporation's redemption of the stock. We agree. The motion before the court seeking enforcement of a judgment does not provide authority for the court to modify an order dividing marital property.

■ The separation agreement executed by the parties and incorporated into the divorce judgment required *the corporation* to secure the performance of the corporation's obligations under the stock redemption agreement. In response to plaintiff's motion for enforcement of judgment, the District Court changed the divorce judgment to require the defendant to personally guarantee the corporation's redemption of the stock. This was clearly a modification of the original judgment.

■ While statutory provisions relating to alimony (19 M.R.S.A. § 721) and child custody (19 M.R.S.A. § 752) expressly permit a divorce court to consider post-judgment motions for modification of an original divorce decree, the statutory provision relating to the division of marital property (19 M.R.S.A. § 722–A) contains no corresponding grant of authority. In the absence of statutory authorization to modify a judgment dividing marital property, the courts are without jurisdiction to do so. *Merrill v. Merrill,* 449 A.2d 1120, 1124 (Me. 1982); *see Wood v. Wood,* 407 A.2d 282, 285–86 (Me.1979).

The appropriate procedure for obtaining post-judgment relief from a decree dividing marital property is a motion for relief from judgment under M.R.Civ.P. 60(b).[1] *Merrill*

1. M.R.Civ.P. 60(b) provides:
   *(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrin-

sic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceed-

*v. Merrill,* 449 A.2d at 1125. The motion filed in this case does not comply with the requirements of Rule 60(b). Plaintiff's motion neither purports to invoke relief pursuant to Rule 60(b), nor does it aver facts sufficient to generate consideration of Rule 60(b) relief from judgment. The District Court, therefore, committed error in modifying the provision for securing the redemption of stock as specified in the original decree.

The entry is:

Judgment vacated.

Remanded to the Superior Court to be remanded in turn to the District Court for further proceedings consistent with the opinion herein.

All concurring.

ing was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of bills of review are abolished as means of reopening judgments entered under these rules, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.