Sheila H. FINN

v.

John J. FINN.

Supreme Judicial Court of Maine.

Argued Sept. 10, 1986.
Decided Nov. 3, 1986.

Lipman & Parks, P.A., David M. Lipman (orally), Sumner H. Lipman, Augusta, for plaintiff.

John J. Finn (orally), Augusta, pro se.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and CLIFFORD, JJ.

GLASSMAN, Justice.

John J. Finn, the defendant in the divorce action, appeals from a judgment of the Superior Court, Kennebec County, entered on its order granting the defendant's motion to amend the divorce judgment and granting the plaintiff's motion to hold the defendant in contempt for nonpayment of child support and alimony as required by the judgment of divorce. He contends that the court abused its discretion in its order for his payment of child support and alimony and by finding him in contempt for noncompliance with the original divorce judgment; that the denial of a stay of execution of the order pending appeal deprived him of the equal protection of the laws; and that the justice who entered the original judgment of divorce lacked authority to do so. We find no merit in these contentions and affirm the judgment.

Finn did not appeal the judgment of divorce in this case entered by the Superior Court on April 24, 1984, requiring the defendant to pay to the plaintiff $70 a week in child support for each of their two children and $70 a week alimony. He later sought to reduce the alimony and child support payments by filing two motions to modify the divorce judgment, the first on October 10, 1984 and the second on December 28, 1984. On appeal from the judgment denying the first motion, this court vacated the order and remanded it to the Superior Court with instructions to consider what modification was justified by changes of circumstance from the date of the divorce. *Finn v. Finn*, 499 A.2d 1234 (Me.1985). On remand the Superior Court reduced the defendant's child support obligations to $50 a week for each child and reduced the alimony to $50 a week, retroactive to the filing date of the second motion to amend. Acting on plaintiff's motion, the

court also found the defendant in contempt for nonpayment of a stipulated amount of arrearages in alimony and child support. We denied the defendant's motion for a stay of the judgment pending appeal. The defendant later purged himself of contempt by full payment of the amount of the arrearages.

I

The defendant asserts that the record and findings do not support the judgment modifying the amount of alimony and child support he is to pay to the plaintiff. Emphasizing the static economic circumstances of the parties at the time of the hearing on remand, the defendant contends that he should pay nothing. Our review of the Superior Court's determination is quite limited.

> The plurality of considerations involved in evaluating a motion for modification requires that the Law Court accord unusual deference to the findings of the trial court.
> ... Absent a violation of some positive rule of law, this Court will overturn the trial court's decision of such a question only if it results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument.

*Williams v. Williams*, 444 A.2d 977, 980 (Me.1982) (quoting *Smith v. Smith*, 419 A.2d 1035, 1038 (Me.1980)).

The findings support the judgment. The Superior Court was not limited to consideration of the economic circumstances of the parties on the day of the hearing. The court properly considered the defendant's earning capacity, future prospects and ability to pay. *Bryant v. Bryant*, 411 A.2d 391, 395 (Me.1980); *Pendexter v. Pendexter*, 363 A.2d 743, 750 (Me.1976); *Schuler v. Schuler*, 382 Mass. 366, 416 N.E.2d 197, 203 (1981); 19 M.R.S.A. § 721 (1981). The court noted the defendant's previous annual salary of $40,000 and found that the defendant could increase his efforts to find

full-time employment. Given these findings the judgment for child support and alimony was not manifestly unjust. We need not address the defendant's contention that the judgment resulted from gender discrimination by the Superior Court.

■ The defendant also maintains that the reduction of payments should have been made retroactive to the date of the filing of his first motion to amend, rather than the second. Whether a modification decree should be made retroactive to the date of the filing of the application for modification is a matter left to the sound discretion of the divorce court. *Wood v. Wood*, 407 A.2d 282, 288 (Me.1979). The court found that when the defendant filed his first motion on October 10, 1984, the change in the parties' finances was not sufficiently substantial to warrant a reduction in payments, but by the time of the filing of his second motion, on December 28, 1984, substantial change warranted a reduction retroactive to that date.

The partial retroactivity was within the trial court's discretion. At the time of the filing of the first motion the defendant had been unemployed for only one month. It was the trial court's task to decide when the relative financial conditions of the parties were substantially changed. *See Smith v. Smith*, 419 A.2d 1035, 1037 (Me. 1980). On this record the effective date for the retroactive modification of the divorce judgment did not result in "a plain and unmistakable injustice" to the defendant. *Id.* at 1038.

## II

■ The defendant also seeks to appeal from the Superior Court's finding and civil contempt commitment for nonpayment of the stipulated amount owed in arrearages for alimony and child support. The defendant does not challenge the stipulated amount owed, but claims he was unable to pay that amount. We have previously stated that "[j]usticiability requires that there be a real and substantial controversy, admitting of specific relief through a judgment...." *Connors v. International Harvester Credit Corp.*, 447 A.2d 822, 824 (Me.1982). By payment of the amount of the arrearages, the defendant totally purged his contempt. The now purged adjudication of contempt carries no possibility of collateral consequences to the defendant. *Matter of Establish Inspection of the Metal Bank of America, Inc.*, 700 F.2d 910, 913 (3d Cir.1983).[1] Because on the facts of this case no actual, affirmative relief can be granted, the defendant has not presented a justiciable issue for our determination.

## III

■ The defendant maintains that because Maine Rule of Civil Procedure 62(a) discriminates against men, he was unconstitutionally denied a stay of the Superior Court's order pending appeal. The denial of the defendant's motion for stay filed prior to a notice of appeal was by order of the Superior Court, not by automatic operation of Rule 62(a), which governs the effect of a judgment providing for child support or alimony "unless otherwise ordered by the court...." Following the filing of his notice of appeal, the defendant filed a motion for stay of execution before this court which was denied. *See* M.R.Civ.P. 75B(a) and (c) and 62(g). Given the defendant's compliance with the Superior Court order, this question also fails to present a justiciable issue for our determination.

---

**1.** Several federal cases have held challenges to previously purged contempt citations moot. *See, e.g., McDonald's Corp. v. Victory Inv.*, 727 F.2d 82, 85–86 (3d Cir.1984); *Spangler v. Pasadena City Bd. of Educ.*, 537 F.2d 1031, 1032 (9th Cir.1976); *United States v. Watson Chapel School Dist. No. 24*, 446 F.2d 933, 939 (8th Cir. 1971), *cert. denied*, 404 U.S. 1059, 92 S.Ct. 739, 30 L.Ed.2d 747 (1972). *But see Wilson v. Superior Court*, 31 Cal.2d 458, 189 P.2d 266 (1948) (payment under legal compulsion does not preclude review on certiorari to determine if trial court exceeded its jurisdiction in making contempt order for nonpayment of alimony alleged due).

## IV

Finally, the defendant challenges the authority of the associate justice of the Supreme Judicial Court who presided over the divorce trial. Defendant concedes that the Chief Justice of the Supreme Judicial Court assigned the presiding justice to the Superior Court. The assignment was an exercise of the Chief Justice's power under 4 M.R.S.A. § 101 (Supp.1985). The assignee justice, sitting as a Superior Court justice, had authority to preside at the trial of the action for divorce. *See* 19 M.R.S.A. § 664 (1981).

The entry is:

Judgment affirmed.

All concurring.