**Sheila H. FINN**

v.

**John J. FINN.**

Supreme Judicial Court of Maine.

Argued Sept. 18, 1987.

Decided Dec. 14, 1987.

Peter B. Bickerman (orally), Lipman & Katz, Augusta, for plaintiff.

John J. Finn (orally), Augusta, pro se.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and CLIFFORD, JJ.

GLASSMAN, Justice.

The defendant, John J. Finn, appeals from a judgment of the Superior Court, Kennebec County, denying in part the defendant's motion to amend the amended divorce judgment and granting the plaintiff's motion to hold the defendant in contempt for nonpayment of child support and alimony as ordered by the court. The defendant also appeals from the court's award to plaintiff of her attorney fees and costs incurred in the defense of the defendant's motion and the prosecution of plaintiff's motion. He contends that the court erred in denying him retroactive relief from alimony and modification of child support payments, by finding him in contempt, in its award of attorney fees to the plaintiff, and in denying his motion for findings of fact. We affirm the judgment.

**I**

By a motion filed in April 1986, the defendant sought, *inter alia*, to amend the amended judgment of January 1986,[1] by terminating his alimony and child support

obligations. Thereafter, the plaintiff filed a motion requesting that the defendant be held in contempt for nonpayment of alimony and child support as required by the amended judgment and for her attorney fees and costs.

After hearing on both motions, the court entered its order, dated March 13, 1987, amending the amended judgment by providing that as of the date of the order becoming final the defendant's obligation to pay alimony to the plaintiff would terminate. The court denied the remainder of the defendant's motion to amend. Acting on the plaintiff's motion, the court found the defendant in contempt for nonpayment of arrearages in child support and alimony in the amount of $9,450 and ordered the defendant to pay the plaintiff the sum of $5,189.45 for her attorney fees and costs. The defendant purged himself of contempt by full payment of the amount of the arrearages.

The defendant's motion for findings of fact and conclusions of law was denied by the court.

**II**

In the first instance, the defendant asserts that the court erred in its denial of retroactive relief from his obligation to pay alimony to the plaintiff. We disagree.

"Whether a modification decree should be made retroactive to the date of filing of the application for modification is a matter left to the sound discretion of the divorce court." *Finn v. Finn,* 517 A.2d 317, 319 (Me.1986). In exercising its discretion as to whether retroactive relief is consistent with the purposes of alimony, the court may properly consider whether the defendant engaged in self-help by ceasing to make payments. *Cf. Wood v. Wood,* 407 A.2d 282, 288 (Me.1979) (divorce court may consider self-help and dilatory tactics

---

1. The original divorce judgment required Mr. Finn to pay to Mrs. Finn $70 a week for each of their two minor children for child support and $70 a week for alimony. In *Finn v. Finn,* 499 A.2d 1234 (Me.1985), we vacated the judgment denying Mr. Finn's initial motion to amend that judgment. On remand, his second motion to amend was consolidated with the first and an amended judgment entered reducing the child support obligation to $50 a week for each child and the alimony to $50 a week. This amended judgment was affirmed in *Finn v. Finn,* 517 A.2d 317 (Me.1986).

when determining whether to order retroactive child support modification). Here, the record clearly reflects that prior to and following the filing of his motion and until he purged himself of contempt, the defendant paid no alimony to the plaintiff.

■ The determination of the trial court not to make termination of alimony to the plaintiff retroactive to the date of the filing of the defendant's motion did not result "in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Smith v. Smith*, 419 A.2d 1035, 1038 (Me.1980).

The defendant next asserts that the denial of modification of his obligation for child support was based on clearly erroneous findings by the trial court. He argues that findings that would support termination of the defendant's alimony obligation to the plaintiff would require corresponding termination or modification of his child support obligations.

We have previously stated that "in order to reduce an alimony award, the moving party must show a change in the payor's ability to pay or the recipient's need for support or both ... [and this change] must be substantial." *Williams v. Williams*, 444 A.2d 977, 980 (Me.1982).

In *Pendexter v. Pendexter*, 363 A.2d 743, 749 (Me.1976), we noted that, "Support, as every other duty arising from the relationship of parent and child, is the equal responsibility of both mother and father, to be discharged in accordance with their respective capacity and ability."

■ In considering the evidence before it, the court found that the plaintiff's income and net worth had increased 10 percent since the January 1986 amended judgment and that the defendant's financial circumstances and prospects had greatly improved during the same period. Since the 10% increase in plaintiff's income and net worth was almost equal to the amount the defendant was obligated to pay in alimony to her, the court reasonably concluded that the plaintiff could meet her own support needs.

However, a finding that the plaintiff could fully support herself does not require a finding that she is able to contribute more toward or fully assume the responsibility of support of the two children of the parties.

In comparing the "respective capacity and ability" of the parties to discharge the responsibility of support of their children, the court could properly conclude that the defendant's financial situation had improved more significantly than that of the plaintiff. The record discloses that not only had the defendant's income increased, but, by reason of the termination of alimony, his obligations had decreased. In addition, the defendant's billings for legal services during that pertinent period of time supported the court's finding that the defendant's professional prospects had greatly increased. Accordingly, the court properly concluded that the defendant as the moving party had failed to meet his burden of proof that such a material change in circumstances had occurred as to warrant a modification of the defendant's child support obligations. *See Mitchell v. Mitchell*, 403 A.2d 1214, 1217 (Me.1979); *Pendexter v. Pendexter*, 363 A.2d at 746; 19 M.R.S.A. § 752(12) (Supp.1986).

Although, prior to filing a notice of appeal, he purged himself of contempt, the defendant also seeks to appeal from the Superior Court's findings and the civil contempt commitment of the defendant for nonpayment of the amount owed in arrearages for alimony and child support, claiming his inability to pay that amount. For those reasons set forth in *Finn v. Finn*, 517 A.2d at 319, we do not consider this claim.

■ The defendant next challenges the trial court's award to the plaintiff of $5,189.45 for attorney fees and costs.[2] Contrary to the defendant's contentions, our review of the record reveals that the court's findings are supported by the

---

2. The Superior Court hearing on the plaintiff's motion for attorney fees and costs followed our remand of a premature appeal to this court from the ruling of the Superior Court that had expressly deferred decision on that issue. *See Finn v. Finn*, 531 A.2d 671 (Me.1987).

record and it properly exercised its discretion in determining the amount of the award. *See Most v. Most,* 477 A.2d 250, 263 (Me.1984).

Finally, we find no merit in the defendant's contention that the court erred in denying his motion for findings of fact and conclusions of law. *See* M.R.Civ.P. 52(a); *Mitchell v. Mitchell,* 403 A.2d at 1217; 1 Field, McKusick & Wroth, *Maine Civil Practice* § 52.5 at 687, 688 (2d ed. 1970).

The entry is:

Judgment affirmed.

All concurring.