**Brenda Jean Cutchin TARDIF**

v.

**Robert M. CUTCHIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 19, 1992.

Decided Dec. 21, 1992.

Edward David, Cloutier, Joyce, Dumas & David, Livermore Falls, for plaintiff.

Elliott L. Epstein, Isaacson & Raymond, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Robert M. Cutchin, the father, appeals an order of the District Court (Farmington, *Clapp, J.*) increasing his obligation to pay child support under a judgment of divorce. He contends that the District Court erred in increasing his payments and incorrectly determined his gross income. He also argues that the judge evidenced a bias against him. We find only a computational error in the court's order, and we vacate solely for the correction of that error.

The parties were divorced in 1979, and the child support order was subsequently amended in 1990. At the time of the amendment, one of the parties' two children resided with the father and the other child's residence was with the mother, Brenda Tardif. The amended order required the father to pay the mother $66 per week as child support. The court noted that the support guidelines (*see* Supreme Judicial Court Administrative Order Adopt-

ing Child Support Guidelines, Docket No. SJC–13 (Oct. 5, 1989)) (vacated July 20, 1990, and replaced by 19 M.R.S.A. §§ 311–319 (Supp.1991)) were not mandatory but did not specify whether it followed the guidelines in ordering support. The court found that the mother earned $25,000 annually at that time and made no specific finding regarding the father's annual income.

Approximately one year later, the mother brought the present motion seeking a modification in child support payments as a result of a change in the residence of the child who had resided with the father. The court approved the change in the primary residence of the child and heard the question of support. The father claimed a current annual income of $2,500. He acknowledged, however, that he had transferred commercial real estate holdings to his current wife after prior hearings in this case. The court found that the father had not honestly divulged his income, had used corporate accounting to hide his ability to pay, and had not proved any change in his income since the prior support order. The court rejected the mother's invitation to rely on the gross revenues of the corporations to determine the father's income. Rather, by working backwards from the prior support order, and assuming that the guidelines were used, the court determined the father's income as of the date of the 1990 order. Accordingly, the court ordered an increase in the father's child support payments to $247 per week. After an unsuccessful appeal to the Superior Court (Franklin County, *Alexander, J.*), the father brought the present appeal.

■ We accord "unusual deference" to the District Court's findings in an order modifying the amount of child support. "Absent a violation of some positive rule of law, this Court will overturn the trial court's decision of such a question only if it results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Finn v. Finn,* 517 A.2d 317, 318 (Me.1986) (quoting *Williams v. Williams,* 444 A.2d 977, 980 (Me.1982)). The court acted within its discretion in giving little or no weight to the father's evidence and in attempting to discern and adhere to a prior determination of the father's income. "It is primarily for the factfinder to judge the credibility of witnesses and to consider the weight and significance of any other evidence." *Tonge v. Waterville Realty Corp.,* 448 A.2d 902, 905 (Me. 1982); *see Marcus v. Lee S. Wilbur & Co.,* 588 A.2d 757 (Me.1991). Further, the father's efforts to obscure his income, as found by the court, precludes us from holding that a plain and unmistakable injustice resulted. *Cf. Shirley v. Shirley,* 482 A.2d 845, 849 (Me.1984) (holding that plaintiff's failure to provide evidence of value of marital property precluded this court from determining on appeal whether the division was inequitable).

■ On these facts, it was not error for the court to assume for purposes of determining the parties' relative incomes that the prior court order bore a reasonable relationship to the referenced child support guidelines. In making its computation, however, the court mistakenly relied on a revised determination of the mother's earnings rather than the $25,000 found in the 1990 order. By using the higher figure of $33,000 for the mother's income, in order to extrapolate the father's income, the court incorrectly enhanced the increase in child support payments.

The father also contends "that the court's judgment is tainted by bias and should be set aside." He cites statements the court made in ruling on the mother's motion for contempt, as well as statements made in the court's order. Although the statements are strongly worded and exceed any need to state the facts on which the order is based, they do not evidence a failure of impartiality.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein and for fixing of plaintiff's attorney fees on appeal.

All concurring.