**Earl G. SHERWOOD**

v.

**Dolores R. SHERWOOD.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 3, 1993.
Decided April 8, 1993.

---

1. Trial counsel was not the same as appellate counsel.

Gene R. Libby, Verrill & Dana, Kennebunk, for plaintiff.

John J. Sears, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Plaintiff Earl G. Sherwood appeals and defendant Dolores R. Sherwood cross-appeals from an order of the Superior Court (Cumberland County, *MacNichol, J.*) prospectively reducing the alimony fixed in the parties' 1978 divorce judgment, awarding defendant Dolores R. Sherwood $5,250 in alimony arrearages, and granting her attorney fees. Finding no error, we affirm the judgment.

The original divorce judgment provided that plaintiff would pay defendant alimony of $75 per week. Plaintiff subsequently remarried, purchased the Holden General Store, and became self-employed as the store's operator-manager. He closed the store in 1990 because he was working seventy hours per week and was "not making any money." He is currently unemployed. His approximate net worth is $262,000 including over $19,000 in liquid assets. Defendant has liquid assets of approximately $121,000.

In 1991, plaintiff filed a motion in the Superior Court asking that the divorce judgment be amended to reduce or eliminate the alimony award. At the time plaintiff filed the motion he had not paid his alimony for thirty-four weeks and was $2,550 in arrears. Defendant filed a motion for arrearage and contempt. After a hearing on both motions, the Superior Court granted the plaintiff's motion, reducing his alimony obligation prospectively from $75 per week to $100 per year. The court also granted defendant's motion, awarding her $5,250 for arrearages accrued to the date of the hearing and $3,300 in attorney fees.

Contrary to defendant's contention, the evidence supports a conclusion that plaintiff's decision to close the store was not made for the primary purpose of avoiding alimony. Under the circumstances of this case, the court did not err in finding that the resulting reduction in defendant's income constituted a change of circumstances sufficient to allow modification of the divorce judgment. *See Smith v. Smith,* 419 A.2d 1035, 1038 (Me.1980). Contrary to plaintiff's contention, the Superior Court acted within its discretion in declining to modify the decree retroactively. *See Finn v. Finn,* 534 A.2d 966, 967 (Me.1987) (In determining whether a modification decree should be made retroactive,

the court may consider whether the former spouse "engaged in self-help by ceasing to make payments"). The court also did not err in awarding defendant her attorney fees. On this record the Superior Court could have found that the plaintiff was better able to absorb the attorney fees due to his greater net worth. *See Smith v. Smith*, 419 A.2d at 1040; *Most v. Most*, 477 A.2d 250, 263 (Me.1984).

The entry is:

Judgment affirmed. Remanded to the Superior Court for an award of defendant's reasonable attorney fees on the appeal.

All concurring.