1997 ME 57

Sally WEISS, f/k/a Sally W. Brown

v.

James D. BROWN.

Supreme Judicial Court of Maine.

Submitted on Briefs March 7, 1997.

Decided April 1, 1997.

Peggy B. Gilbert, Gilbert Law Offices, P.A., Bangor, for plaintiff.

Martha J. Harris, Paine, Lynch & Harris, P.A., Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

[¶1]   James D. Brown appeals from the judgment entered in the Superior Court (Penobscot County, *MacInnes, A.R.J.*) affirming the judgment of the District Court (Bangor, *Hjelm, J.*) granting the motion of Sally Weiss, f/k/a Sally W. Brown, seeking an order of the court that Brown be held in contempt for failure to comply with a certain provision of the divorce judgment granted to the parties and that Brown pay to Weiss the sum of monies required by that provision. Brown contends the trial court erred by denying his motion to dismiss the motion filed by Weiss, by rejecting the introduction of extrinsic evidence relative to the intent of the parties as to the provision at issue, and by finding him in contempt and ordering him to pay $22,091 to Weiss. We affirm the judgment.

[¶2]   The record reflects that in January 1986, the parties, who had one minor child, Andrea, were granted a judgment of divorce that, *inter alia,* provided:

> By agreement of the parties, Plaintiff [Sally W. Brown] is to pay for four years of college education for Andrea. Any schooling she may receive beyond the four years is to be paid for by the Defendant [James D. Brown].

Neither party appealed from the judgment.

[¶3]   In August 1994, pursuant to M.R.Civ.P. 80(j) and 19 M.R.S.A. § 752 (Supp.1996), Weiss filed the present motion alleging: the judgment of divorce had not been altered or amended and remained in full force and effect; Andrea had received a baccalaureate degree, after completing five years of college; Weiss had paid for all five years; the itemized expenses represented the cost for the fifth year of Andrea's college education; despite Weiss's demand, Brown had failed and refused to reimburse Weiss for said cost; and requesting the court find Brown in contempt for noncompliance with the divorce judgment and order him to reimburse Weiss for said cost.

[¶4]   After a hearing, the court denied Brown's motion to dismiss Weiss's motion. Following a hearing on Weiss's motion, the court found that Brown's total liability to

Weiss was $22,091, that he had the present ability to pay that amount, and that he was in contempt.[1] From the judgment entered accordingly, Brown appeals. When, as here, the Superior Court acts as an intermediate appellate court, we review directly the decision of the District Court. *Knight v. Knight,* 680 A.2d 1035, 1037 (Me.1996) (citation omitted).

██ [¶ 5] Brown contends the trial court erred by denying his motion to dismiss on the ground that the phrase "schooling she may receive beyond the four years" rendered the challenged provision too vague and incomplete to be enforced. He relies, as he did before the trial court, on *Ault v. Pakulski,* 520 A.2d 703 (Me.1987), to support this contention. We agree with the trial court that Brown's reliance on *Ault* is misplaced. In *Ault,* based on the established principle that "in order to be binding [a contract] must be sufficiently definite to enable the [c]ourt to determine its exact meaning and fix exactly the legal liability of the parties," we concluded that because the settlement contract signed by the parties was "nothing more than an agreement to agree," it was too vague and incomplete to permit the specific enforcement by the court sought by the plaintiff. *Id.* at 704, 705 (citations omitted). In the instant case, Weiss does not seek to enforce a contract entered into by the parties, but a provision in a divorce judgment. The trial court properly determined it is within the inherent power of the court to construe or clarify its judgment and denied Brown's motion to dismiss.

██ [¶ 6] Brown next contends the trial court erred by rejecting the introduction of extrinsic evidence to establish the original intent of the parties with regard to the challenged provision. He acknowledges that when interpreting a divorce judgment it is the court's intent that must be construed. He argues, however, that to determine the court's intent consideration must be given to the parties' understanding of the provision based upon the circumstances that existed in January 1986. We disagree. When, as here, an agreement of the parties becomes part of the divorce judgment, it is the intent of the trial court, rather than that of either of the parties, that is determinative of the rights and liabilities of the respective parties provided in the challenged provision. *See Wardwell v. Wardwell,* 458 A.2d 750, 752 (Me.1983) (language of separation agreement significant to the extent that it reveals intention of trial court); *Torrey v. Torrey,* 415 A.2d 1092, 1094 (Me.1980) (intent of trial court not of parties that is determinative).

██ [¶ 7] Brown finally contends that because the court erroneously determined that in consideration of the facts of this case there is no ambiguity in the challenged provision, it could not find him in contempt of the provision or order that he pay $22,091 to Weiss. We disagree. Whether ambiguity exists in a divorce judgment is a question of law for the trial court. *Bliss v. Bliss,* 583 A.2d 208, 210 (Me.1990). As the moving party on the motion for contempt, the burden of persuasion was on Weiss to establish that Brown's failure to comply with the 1986 divorce judgment was contumacious. *Zink v. Zink,* 687 A.2d 229, 232 (Me.1996). "When the record discloses no clear error in the factual findings underlying the trial court's determination, we review a judgment of civil contempt for abuse of discretion." *Id.* (citation omitted). Here, the record supports the court's finding that Andrea attended college for five years before receiving her baccalaureate degree; because Brown had not paid the $22,091 cost of Andrea's fifth year of college education, Weiss did so and was entitled to reimbursement; and Brown has the present ability to pay that amount. We agree with the trial court's determination that the facts do not generate any ambiguity in the clear and unambiguous provision of the decree that provides Brown is liable to Weiss for the costs of Andrea's fifth year of college and discern no abuse of the court's discretion in finding Brown in contempt.

1. Although the court found Brown in contempt for noncompliance with the divorce judgment, it expressly refrained from imposing civil contempt sanctions and a purging mechanism to allow Brown the opportunity to pay the amount due.

The judgment further provided that execution should issue for the $22,091, and if Brown failed to make payments or payment arrangements to the satisfaction of Weiss, she could move for a hearing for imposition of sanctions.