STATE OF MAINE
ANDROSCOGGIN, ss.

BERYL A. MOORE f/k/a BERYL A. LEWIT,

Plaintiff,

v.

JAMES S. LEWIT, SR.,

Defendant.

SUPERIOR COURT
[CIVIL ACTION]
DOCKET NO. AP-01-002

ORDER        RECEIVED & FILED

AUG 0 8 2001
ANDROSCOGGIN
SUPERIOR COURT

## BACKGROUND

After twenty-two years of marriage, plaintiff Beryl A. Moore f/k/a Beryl A. Lewit (hereinafter "Ms. Moore") divorced defendant James S. Lewit, Sr. on September 25, 1996 in the 8th District Court (Docket No. LEW-96-DV-193). the divorce judgment incorporated by reference a Settlement Agreement that included the following provisions:

6. Alimony. Husband shall pay Wife Two Hundred Dollars ($200.00) per month in alimony on the first of each month commencing September 1, 1996, and continuing for a period of Five (5) years or until the income of wife reaches Twenty Five Thousand Dollars ($25,000.00) per year, whichever comes first.

7. Marital Real Property.
(A) The parties' marital residence located [in the Town of] Poland . . . is set apart to Wife as her sole and exclusive property. . . . The parties have agreed that this property shall be sold and that Wife shall be entitled to all proceeds from the sale. Since Husband will be paying the mortgage, taxes and insurance on the property pending sale, Wife has agreed that she will accept any offer of One Hundred Sixty-Five Thousand Dollars ($165,000.00) or above for the property. Wife shall be responsible for and shall hold the Husband harmless with respect to any capital gains tax liabilities that may accrue as a result of the sale.

Pending sale, Husband shall assume and pay the mortgage, taxes and insurance on the Poland real estate and shall indemnify and hold the Wife

harmless with respect to the same. Since Husband has agreed to assume these expenses pending sale, the parties have agreed that payment of these expenses shall be in lieu of a weekly child support payment and that Husband shall not pay child support according to the Guidelines until the first Friday following the sale of the Poland real estate.

. . .

7. [*sic*] Marital Personal Property.

. . .

(D) Husband's baseball card collection shall be sold as soon as reasonably possible. Husband shall be responsible for arranging the sale. The parties shall each be entitled to fifty percent (50%) of the profit from the sale. In the event the cards have not been sold within three (3) years of the date of divorce, Husband shall pay Wife the sum of Ten Thousand Dollars ($10,000.00) for her marital interest in the collection.

*Settlement Agreement 4-5, 8.*

Following the divorce, the parties did not comply with the Settlement Agreement. As a result, Ms. Moore filed a Motion for Contempt on February 28, 2000, and amended it on April 24, 2000. Mr. Lewit filed his own motion entitled, "Motion for Contempt and/or to Enforce and to Alter and Amend" on April 25, 2000. Because Mr. Lewit's Motion for Contempt was not properly pleaded, however, the District Court treated his motion as a Motion to Enforce and/or Amend.

In her motion, Ms. Moore alleged that Mr. Lewit violated the terms of the Settlement Agreement because he: failed to pay alimony for January through March of 1997 and since September of 1999; failed to pay taxes, insurance and mortgage payments on the Poland real estate before its sale; and failed to pay Ms. Moore her $10,000 marital interest in his baseball card collection.

In his motion, Mr. Lewit alleged that Ms. Moore: arbitrarily withheld at least

2

one half of his baseball card collection; delayed selling the Poland-property in order to maximize his liability for the mortgage payments; and "engaged in a course of conduct that left her voluntarily underemployed so as to intentionally avoid earning $25,000.00." Mr. Lewit contended that Ms. Moore's intentional underemployment and her intentional delay in selling the marital real estate barred her from asserting contempt with respect to the unpaid mortgage payments or unpaid spousal support. In addition, Mr. Lewit argued that he could not be found in contempt for failing to pay her the $10,000 ordered, because Ms. Moore had refused to return a portion of his baseball card collection.

Before trial, the District Court (Beliveau, J.) ruled that the Settlement Agreement obligated Mr. Lewit to pay spousal support to Ms. Moore for five years unless her actual income was above $25,000. The District Court stated:

> I think it is clear [that the $25,000.00 alimony provision] has-- there are no conditions. It's a five-year alimony provision. It indicates that [Mr. Lewit is obligated to pay alimony] only until the income of wife reaches twenty-five thousand per year, [or upon the expiration of five years], whichever comes first. . . . There are no conditions. . . . So, to me, it's quite strict until she earns twenty-five, that's it.

(Tr. 5). Therefore, the District Court ruled that any evidence of underemployment was irrelevant. (Tr. 4).

At the trial held on August 18, 2000, Mr. Lewit attempted to establish that Ms. Moore earned more than $25,000 in 1998. On October 22, 2000, the District Court issued an Order on the parties' motions. In its Order, the District Court rejected Mr. Lewit's factual claim that Ms. Moore earned more than $25,000 in any year subsequent to the divorce. In addition, despite its earlier ruling that the issue of

3

underemployment was not relevant, the District Court concluded that "[t]here was insufficient evidence presented to support the defendant's contention that the plaintiff is underemployed or most importantly that she is deliberately earning under $25,000 per year in order to take advantage of the spousal support provision . . . ." *10/22/00 Order at 5.*

Although Mr. Lewit admitted that his failure to make some mortgage payments resulted in $8,500 in costs to Ms. Moore, the District Court concluded that he was not in contempt and/or that Ms. Moore could not recover those costs because she engaged in self-help by selling the property for a price below the requirement of the Settlement Agreement without seeking an amendment to the Divorce Judgment. The court determined that the parties' violations, *i.e.*, Mr. lewit's failure to pay and Ms. Moore's acceptance of a lower sale price, were a "washout." Furthermore, the court noted that "[i]n the end no one was hurt" because Mr. Lewit was paying the mortgage, tax and insurance expenses instead of child support payments. *10/22/00 Order at 5-6.*

With respect to Ms. Moore's interest in Mr. Lewit's baseball card collection, the District Court found that there was no depreciation of value in the cards. In addition, the court found that Mr. Lewit had many opportunities to retrieve his cards and give Ms. Moore her interest in the cards, despite Ms. Moore's retention of approximately 600,000 of the 1.4-1.5 million cards. *10/22/00 Order at 7.*

Upon receipt of the Order, Mr. Lewit filed a timely appeal to the Superior Court and Ms. Moore filed a timely cross-appeal. Those appeals are before this court.

## DISCUSSION

In his brief, Mr. Lewit contended that the District Court erred: in finding that Ms. Moore's 1998 income did not exceed $25,000; in holding that testimony regarding Mr. Moore's intentional underemployment was irrelevant; and in finding Mr. Lewit in contempt for failing to pay Ms. Moore her interest in the baseball card collection. Ms. Moore contended that the District Court erred in finding that Mr. Lewit was not in contempt for failing to pay court ordered mortgage, tax and insurance payments and/or that Ms. Moore was not harmed. These issues are addressed in turn below.

## I. Standard of Review

In order to hold Mr. Lewit in contempt, the District Court must have found by clear and convincing evidence that: (1) Mr. Lewit failed or refused to perform his obligations under the Divorce Judgment, and (2) it was within Mr. Lewit's power to meet his obligations. M.R. Civ. P. 66(d)(2)(D)(i)-(ii). A judgment of civil contempt is reviewed for an abuse of discretion. *See Weiss v. Brown*, 1997 ME 57, ¶ 7, 691 A.2d 1208, 1210. The factual findings underlying the trial court's judgment are reviewed for clear error. *Id.*

## II. Spousal Support

A. The Evidence Supports the District Court's Finding that Ms. Moore's Actual 1998 Income Did Not Exceed $25,000

Ms. Moore testified at trial that she had earned approximately $18,000-$20,000 in 1998 and had no other sources of income. (Tr. 52-53). The evidence also revealed,

5

that over $39,000 was deposited into Ms. Moore's bank account in 1998. (Tr. 54-57). Mr. Lewit has argued that the deposits must be attributed to income. The court disagrees.

Although Ms. Moore was not able to account for all of the deposits (Tr. 61-62, 96), the trial court was not required to assume that the additional deposits were due to nonexempt income. Ms. Moore's tax return corroborated her testimony concerning income and employment, and supported the District Court's finding that Ms. Moore did not have actual income that exceeded $25,000 in 1998.

The District Court found Ms. Moore's testimony to be credible. Credibility determinations are within the sole province of the factfinder. Therefore, the District Court determination that Ms. Moore's 1998 actual income did not exceed $25,000 was not clear erroneous, absent conclusive proof in the record to the contrary.


B. The District Court Erred in Excluding Evidence Relevant to the Issue of Ms. Moore's Alleged Deliberate Underemployment

In Maine, courts may not grant a payor spouse's motion to reduce spousal support payments if the payor spouse's "primary purpose" in reducing income was the avoidance of spousal support obligations. *See Smith v. Smith*, 419 A.2d 1035, 1038 (Me. 1980)(stating that the "primary purpose" rule allows a more searching inquiry into the financial circumstances of the payor spouse and makes it more difficult for a parsimonious payor spouse to disguise his motives); *Sherwood v. Sherwood*, 622 A.2d 719, 720 (Me. 1993)(upholding trial court's determination that plaintiff's decision to close store was not made for primary purpose of avoiding

6

spousal support). Although these cases involve payor spouses, the same principle should be applied to a payee spouse who seeks continued benefits from spousal support payments by deliberate underemployment. The court concludes that the Divorce Judgment confers an obligation of good faith on both spouses as a matter of law.

This obligation does not require Ms. Moore to make every effort to maximize her income. She is simply obligated to avoid making employment decisions with the "primary purpose" of extending her spousal support payments. Thus, Mr. Lewit should have an opportunity to present evidence on Ms. Moore's refusal to accept an offer of employment or failure to pursue reasonably attainable employment opportunities.

The Settlement Agreement required Mr. Lewit to pay $200 per month or $2,400 per year in spousal support to Ms. Moore. It does not appear that Ms. Moore would have had a strong incentive to refrain from earning a higher salary. Nevertheless, this is an issue of fact that requires a new trial.

III. The Baseball Card Collection

The evidence supports the finding that Mr. Lewit was in contempt for failing to pay Ms. Moore her marital interest in the baseball card collection. Mr. Lewit admitted that he never sold any portion of his card collection (Tr. 125) and the $10,000 remained unpaid. Mr. Lewit's contention that Ms. Moore is barred from challenging his failure to pay because she withheld approximately 600,000 of his 1.4-1.5 million baseball cards is without merit.

7

Ms. Moore did initially withhold some of the baseball cards, but she testified that, in June of 1997, she sent Mr. Lewit a letter telling him he could have the cards at any time. (Tr. 134-35). She also testified that she returned the cards to Mr. Lewit in summer of 1997. (Tr. 32-33). Mr. Lewit had plenty of opportunities to obtain and sell the cards.

Even without the entire collection, Mr. Lewit still could have met his obligation to pay $10,000 to his former wife by selling the portion of the collection he still had in his possession (roughly 900,000 cards) or by paying Ms. Moore $10,000, without selling any of the collection. Furthermore, if Mr. Lewit had serious concerns about his ability to comply with the Settlement Agreement, he could have sought relief in the District Court at the appropriate time. The District Court did not abuse its discretion in finding Mr. Lewit in contempt for failing to pay Ms. Moore her interest in the baseball card collection.

IV. The Mortgage Payments

Mr. Lewit admitted that he stopped making the mortgage payments in the Fall of 1998, and did not dispute that his failure resulted in $8,500 loss for Ms. Moore. (Tr. 108-10). The District Court's Order suggested that her failure to file a motion to amend before selling the Poland property precluded a finding of contempt against Mr. Lewit and that her damages were somehow completely offset. It is not clear, however, how the District Court arrived at this conclusion.

Upon review of the record, this court is unable to ascertain how the District Court concluded that the parties had offsetting obligations. Ms. Moore's decision to

8

sell the home for less than the price required under the Settlement Agreement does not offset or affect Mr. Lewit's obligation to pay the mortgage, taxes and insurance. Only Ms. Moore was injured by the low sales price on the marital home; she was the only one who was to receive any profit from the sale.

Furthermore, it is not clear why Ms. Moore's failure to file a motion to amend should bar her recovery of the $8,500. Mr. Lewit benefitted from the sale of the home - at any price - when he was relieved from making further mortgage payments. Therefore, this issue is remanded for further review and clarification.

## ORDER

The Order of the District Court is affirmed in part and vacated in part. Case remanded for hearing on the issue of whether Ms. Moore engaged in deliberate underemployment to the detriment of Mr. Lewit. With respect to the unpaid mortgage payments, the Order is remanded for clarification.

This Order to be incorporated into the docket by reference, in accordance with M.R. Civ. P. 79(a).

DATED: August 8, 2001

Justice, Maine Superior Court

9

Barbara Raimondi
Plaintiff
Leonard Sharon
Defendant