STATE OF MAINE
Cumberland, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2007 NOV 27 P 12: 49

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-07-349
REC -CUM - 11/27/2007

THELMA SAUCIER,
Petitioner/Employee

v.

NICHOLS PORTLAND DIVISION

and

CCMSI,
Respondents/Employer

ORDER ON
MOTION TO VACATE
AND MOTION FOR A
FINDING OF
CONTEMPT

DONALD

JAN 1 5 2008

Before the Court is Employee Thelma Saucier's ("Saucier") Motion for a Finding that the Employer Is in Contempt. Also before the Court is Employer Nichols Portland Division's ("Nichols") Motion to Vacate this Court's August 16, 2007 Pro Forma Decree.

This Court grants Nichols' Motion to Vacate the Pro Forma Decree entered by this Court on August 16, 2007. The Workers' Compensation Board decree on which this Court's Pro Forma Decree was based was vacated by the Law Court in its opinion *Saucier v. Nichols*, 2007 ME 132, 932 A.2d 1178. Accordingly, this Court must vacate the Pro Forma Decree that was issued on the basis of the decree of the Workers' Compensation Board (the "Board").

For the reasons stated below, this Court finds that Nichols was not in contempt of the Pro Forma Decree during the time that the decree was in effect and, thus, denies Saucier's Motion for a Finding of Contempt. Saucier argues that the fact that Nichols prevailed in its appeal to the Law Court does not alter Nichols' obligation to pay Saucier interest pursuant to the Pro Forma Decree as

39-A M.R.S.A. § 324(1) states that "payments may not be suspended while the appeal [to the Law Court] is pending." This Court first notes that it is not clear whether or not the term "payments" as used in 39-A M.R.S.A. § 324(1) includes interest. Moreover, even assuming arguendo that § 324(1) does include interest payments within its scope, it has not been established what amount of interest is owed in the instant case. The parties vary greatly on the amount alleged to be owed. Nichols has already paid $13,489.25, the amount it believes it owed in interest, after the Pro Forma Decree was issued. Saucier alleges that she is owed a much greater amount of interest and that Nichols' failure to pay this greater amount is in violation of the Pro Forma Decree.

The decision by the Board is silent as to the payment of interest. While this fact does not preclude an employee from nonetheless collecting interest, it does prevent the Superior Court from establishing a sum that an employer must pay. Indeed, the Law Court has specifically stated that the role of the Superior Court in Workers' Compensation proceedings is solely to issue a pro form decree affirming the decision of the Board. *Wilcox v. Stauffer Chemical Corp.*, 423 A.2d 241, 243 (Me. 1980) ("[The Superior Court's] authority is limited to rendering a decree in accordance with the Commissioner's decision"). As such, this Court cannot speak for the Board or cure any defects in the Board's decree. *Id.* ("The Superior Court has no power to cure the defect in the decree"). For this reason, the Pro Forma Decree entered by this Court did not state a specific amount of interest owed, but rather stated that Nichols "shall pay to [Saucier] interest owed as prescribed by 39-A M.R.S.A. § 205(6) in accordance with the award of the December 29, 2006 decree, attached hereto, and in accordance with W.C.B. Rule, ch. 8, § 7."

As the mandate "pay...in accordance with the [Board's] decree...and in accordance with W.C.B. Rule, ch 8, § 7" is subject to several possible interpretations, Nichols cannot be said to have violated a clear and unambiguous order. *Weiss v. Brown*, 1997 ME 57, ¶ 7, 691 A.2d 1208, 1210 (Law Court upheld trial court's decision finding defendant in contempt because "the facts do not generate any ambiguity in the clear and unambiguous provision of the decree [that defendant violated]"). As such, Saucier cannot meet her burden of persuasion "to establish that [Nichols'] failure to comply with the [Pro Forma Decree] was contumacious." *Zink v. Zink*, 687 A.2d 229, 232 (Me. 1996). Accordingly, Saucier's Motion for a Finding of Contempt is denied.

Therefore, the entry is:

> Nichols Portland Division's Motion to Vacate the Pro Forma Decree issued by this Court on August 16, 2007 is GRANTED.
>
> Thelma Saucier's Motion for a Finding of Contempt against Nichols Portland Division is DENIED.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this 27th day of November, 2007.

Robert E. Crowley
Justice, Superior Court

3

COURTS
ıd County
ɔx 287
e 04112-0287

ALISON DENHAM ESQ
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND ME 04112-7108

COURTS
ıd County
x 287
ɔ 04112-0287

JAMES MACADAM ESQ
208 FORE ST
PORTLAND ME 04101