Sandra VALLIERE, et al.

v.

**WORKERS' COMPENSATION BOARD, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 22, 1995.
Decided Jan. 17, 1996.

Thomas B. Benjamin (orally), Sunenblick, Reben, Benjamin & March, Portland, for Plaintiffs.

Andrew Ketterer, Attorney General, Cabanne Howard (orally), Assistant Attorney General, Augusta, Gail Ogilvie, Piampiano & Gavin, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

■ The plaintiff class includes Sandra Valliere, other named individuals, and all persons who have received or are presently receiving workers' compensation benefits subject to suspension or reduction pursuant to 39–A M.R.S.A. § 205(9)(B)(1) (Supp.1994) ("the Employees"). They appeal from a judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) in favor of the defendants, a class of employers and insurers ("the Employers") and the Maine Workers' Compensation Board ("the Board"). The Employees contend that the Superior Court erred as a matter of law in rejecting their constitutional challenge to the so-called "pay without prejudice" provisions of the Workers' Compensation Act. We conclude that the Employees have no legal entitlement to workers' compensation benefits in advance of an award or formal acceptance of their claim. Hence the Superior Court correctly ruled that the statutory procedure for discontinuing or reducing "payments without prejudice" does not deprive them of due process. We affirm the judgment.

The Workers' Compensation Act, 39–A M.R.S.A. § 205, obligates an employer either to pay benefits to an employee who claims to have suffered a work related injury or to controvert the claim within fourteen days of receiving notice of the injury. If the claim is controverted, no benefits are paid until an award of payment is entered. If the employer does not controvert the claim within fourteen days, however, the employer must begin paying an employee who claims to have suffered a work-related injury. If the employer opts to pay the claim rather than controvert it, the employer may (1) formally accept the claim and establish a payment scheme or (2) file a memorandum of payment agreeing to make payments voluntarily pending an investigation of the claim. 39–A M.R.S.A. §§ 205(7) and 205(9)(B)(1). This latter scenario is designed to encourage the prompt payment of benefits by providing an option for employers to voluntarily pay injured employees without prejudicing their right to later contest the merits of the claim.

Section 205 provides the procedure for an employer to discontinue benefits:

[T]he employer, insurer or group self-insurer may discontinue or reduce benefits by sending a certificate by certified mail to the employee and to the board, together with any information on which the employer, insurer or group self-insurer relied to support the discontinuance or reduction. The employer may discontinue or reduce benefits no earlier than 21 days from the date the certificate was mailed to the employee. The certificate must advise the employee of the date when the employee's

benefits will be discontinued or reduced, as well as other information as prescribed by the board, including the employee's appeal rights.

39–A M.R.S.A. § 205(9)(B)(1).

After an employer gives notice that it will reduce or discontinue payments that were made without prejudice, an employee may file a petition to review the action. 39–A M.R.S.A. § 205(9)(C).[1] If such a review is requested, 39–A M.R.S.A. § 205(9)(D) requires the following:

> The Board, within 21 days after the employee files a petition for review, may enter an order providing for the continuation or reinstatement of benefits pending a hearing on the petition. The order must be based upon the information submitted by both the employer, insurer or group self-insurer and the employee under this subsection.

An order pursuant to this section is known as a "provisional order." If a provisional order allows an employer's suspension or reduction of benefits to remain in effect and an employee eventually prevails on the merits, all benefits withheld must be paid to the employee together with six percent annual interest. 39–A M.R.S.A. § 205(9)(F).[2] Thus, in the final analysis, the full amount of compensation due will always be received by the employee.

In this case, the Employees contend that when the first voluntary payment is made, they acquire a property interest in the continued receipt of the payments and that property interest precludes discontinuance without a hearing beforehand. The court disagreed with the Employees and granted a summary judgment on the basis that the Employees have no property interest in the payments because they are voluntary, thereby rejecting the due process claim. The Employees now appeal.

There are no disputed facts and the legal issue may be simply stated: Is section 205 facially unconstitutional because it fails to require a pretermination hearing in the case of voluntary payments made without prejudice? The United States Supreme Court has described the Due Process Clause as requiring "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971). Thus the threshold inquiry is whether the Employees acquire a property right in continued benefits when the Employers elect to make the first voluntary payment rather than consent to an award or contest the claim.

■ The Employees argue that a property interest is established simply by the receipt of benefits "under a statute defining eligibility for them." They assert correctly that the mere fact that a claim may be disputed or that benefits may have been received in advance of a determination of eligibility does not prevent the creation of a property interest. *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 9–12, 98 S.Ct. 1554, 1560–62, 56 L.Ed.2d 30 (1978) and *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Property interests, however, "are not created by the Constitution, "they are created and their dimensions are defined by existing rules or understandings

**1.** 39–A M.R.S.A. § 205(9)(C) provides:

> The employee may file a petition for review, contesting the employer's discontinuance or reduction of compensation under this subsection. Regardless of whether the employee files a petition prior to the date of the discontinuance or reduction, benefits may be discontinued or reduced as described in paragraph A or B.

**2.** The statutory procedure for terminating payments when an award has been entered requires that the employer comply with stricter procedural safeguards than in the case of payments without prejudice. Once an award is in place an employee is entitled to his or her benefits and cannot be deprived of this property without constitutional safeguards. Thus payments pursuant to an award may be discontinued only after a full hearing and completion of any appeal:

> If an order or award of compensation or compensation scheme has been entered, the employer, insurer or group self-insurer shall petition the board for an order to reduce or discontinue benefits and may not reduce or discontinue benefits until the matter has been finally resolved through the dispute resolution procedures of this Act, any appeal proceedings have been completed and an order of reduction or discontinuance has been entered by the board. 39–A M.R.S.A. § 205(9)(B)(2).

that stem from an independent source such as state law...." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985).

■ The case that best supports the position of the Employees is *Loudermill,* which holds property cannot be defined by the procedures provided for its deprivation. *Id.* at 541, 105 S.Ct. at 1492–93. In *Loudermill* state law created a property right—public employment as a security guard—but then sought to limit that right by a statutory deprivation procedure at odds with the Due Process Clause. The Supreme Court stated that the "right to due process 'is conferred, not by legislative grace, but by constitutional guarantee. While the Legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards.'" *Id.*

In the present case the Maine Legislature has elected not to confer a property interest on the Employees in the case of payments without prejudice. Section 205 entitles no one to payment of benefits in advance of an award. Nor, on the other hand, does it prevent any employee from pursuing an award. Rather, the statute provides the employer with the option to begin voluntarily making payments. Had the legislature mandated early payments in every case, due process requirements for a pretermination hearing would have been implicated. Here, however, because the early payment is only authorized at the option of the employer and is completely voluntary, no property right is created. Thus the provision for discontinuance is not prohibited by the Due Process Clause.

Judgment affirmed.