2008 ME 123

**Cole MARINER**

v.

**A.P. CONCRETE et al.**

Supreme Judicial Court of Maine.

Argued: Nov. 6, 2007.
Decided: July 24, 2008.

John W. Chapman, Esq. (orally), Kelly & Chapman, P.A. Portland, ME, for A.P. Concrete.

James J. MacAdam, Esq., Nathan A. Jury, Esq. (orally), MacAdam Law Offices, Portland, ME, for Cole Mariner.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] In this appeal, we are asked to determine whether the entry of a provisional order that reinstates voluntarily paid benefits pending a ruling on a petition for review is an "order or award of compensation or compensation scheme" that (1) is governed by 39–A M.R.S. § 205(9)(B)(2) (2007), and (2) requires continued payments until the dispute resolution process had been completed, pursuant to section 205(9)(B)(2). We determine that such a provisional order is not governed by section 205(9)(B)(2).

[¶ 2] Specifically, A.P. Concrete appeals from a decision of the Workers' Compensation Board Abuse Investigation Unit granting Cole Mariner's petition for assessment of forfeiture and imposing a penalty pursuant to 39–A M.R.S. § 324 (2006),[1] after A.P. Concrete, upon the explicit authority of the hearing officer, ceased paying under a provisional order after prevailing at the hearing. We vacate the Abuse Investigation Unit's decision.

## I. FACTUAL BACKGROUND

[¶ 3] Cole Mariner was injured at work on June 29, 2001, while helping pour concrete on a second floor deck. The deck collapsed, causing him to fall fifteen to twenty feet. After the accident, Mariner experienced persistent low back, leg and elbow pain. A.P. Concrete voluntarily paid Mariner partial benefits in the amount of $274 per week. He was re-

---

1. Pursuant to 39–A M.R.S. § 152(7) (2007) and Me. W.C.B. Rule, ch. 15, § 6, the Workers' Compensation Board has delegated the authority to assess forfeitures pursuant to 39–A M.R.S. § 324 (2006) to the Board's Abuse Investigation Unit. Section 324(2) has been amended since the proceedings in this case took place. See P.L. 2007, ch. 265, § 1 (effective Sept. 20, 2007) (codified at 39–A M.R.S. § 324(2) (2007) (substituting the word "fines" for "forfeitures" and making other nonsubstantive changes)).

leased to work twenty hours per week in December of 2002, with restrictions, but has not returned to work.

[¶ 4] A.P. Concrete had surveillance performed on Mariner, which showed him working on his house and changing a tire. Thereafter, A.P. Concrete provided Mariner with a twenty-one-day certificate of discontinuance of benefits, pursuant to 39–A M.R.S. § 205(9)(B)(1) (2007). Mariner filed a petition for review pursuant to section 205(9)(C) (2007), and obtained a provisional order reinstating benefits "pending a hearing on the petition" pursuant to section 205(9)(D) (2007).

[¶ 5] After the conclusion of the proceedings on Mariner's petition for review, the hearing officer (*Jerome, HO*) issued an order awarding Mariner the protection of the Act for the 2001 injury, but denying him any further incapacity benefits. The decree states: "The employer may cease payment of incapacity benefits as of the date of this decision." A.P. Concrete immediately stopped making the weekly payments.

[¶ 6] Mariner filed a petition for additional findings of fact and conclusions of law, which the hearing officer denied.

Mariner did not seek appellate review of that decision. He did, however, file a petition for assessment of forfeiture pursuant to 39–A M.R.S. § 324,[2] He contended that, pursuant to section 205(9)(B)(2), it was unlawful for A.P. Concrete to cease paying benefits while a petition for findings of fact and conclusions of law was pending, notwithstanding the hearing officer's written authorization for A.P. Concrete to cease payments.

[¶ 7] The Abuse Investigation Unit concluded that because a provisional order had been entered in this case, A.P. Concrete violated section 205(9)(B)(2) when it discontinued benefits before the matter was finally resolved, regardless of the hearing officer's conclusion to the contrary, and it imposed a penalty of $1,600 on A.P. Concrete. We granted A.P. Concrete's petition for appellate review pursuant to 39–A M.R.S. § 322 (2007).[3]

## II. DISCUSSION

██ [¶ 8] Section 205(9)(B)(2) prohibits an employer from discontinuing benefits when "an order or award of compensation or compensation scheme has been entered . . . until the matter has been fi-

---

2. Title 39–A M.R.S. § 324 (2006) provided, in relevant part:

    **2. Failure to pay within time limits.** An employer or insurance carrier who fails to pay compensation, as provided in this section, is penalized as follows.

    A. Except as otherwise provided by section 205, if an employer or insurance carrier fails to pay compensation as provided in this section, the board shall assess against the employer or insurance carrier a forfeiture of up to $200 for each day of noncompliance. If the board finds that the employer or insurance carrier was prevented from complying with this section because of circumstances beyond its control, no forfeiture may be assessed.

    (1) The forfeiture for each day of noncompliance must be divided as follows: Of each day's forfeiture amount, the first

$50 is paid to the employee to whom compensation is due and the remainder must be paid to the board and be credited to the Workers' Compensation Board Administrative Fund.

    (2) If a forfeiture is assessed against any employer or insurance carrier under this subsection on petition by an employee, the employer or insurance carrier shall pay reasonable costs and attorney's fees related to the forfeiture, as determined by the board, to the employee.

3. An appeal from the Abuse Investigation Unit's grant or denial of a petition for forfeiture pursuant to 39–A M.R.S. § 324 is properly taken pursuant to a petition for appellate review to the Law Court pursuant to 39–A M.R.S. § 322 (2007). *Guar. Fund Mgmt. Servs. v. Workers' Comp. Bd.*, 678 A.2d 578, 582 (Me.1996).

nally resolved through the dispute resolution procedures of this Act." We must determine whether the Abuse Investigation Unit correctly interpreted that language to include the provisional order at issue here.

[¶ 9] The specific question presented by this appeal is whether, pursuant to section 205(9)(B),[4] an employer that initially pays benefits voluntarily then discontinues payments after giving twenty-one days notice, must continue making benefit payments after the employee's petition for review is denied until the appeal process is exhausted—or suffer a penalty—because the hearing officer provisionally reinstated the benefits pending a hearing on the petition for review.

[¶ 10] The plain language of the statutory provision at issue does not answer the question whether a provisional order entered pursuant to section 205(9)(D) constitutes "an order or award of compensation or compensation scheme" pursuant to section 205(9)(B)(2). Accordingly, we look to other indicia of legislative intent, including the entire statutory and regulatory scheme governing the discontinuance of workers' compensation benefits to determine whether, as A.P. Concrete argues, that scheme compels a result different from the Abuse Investigation Unit's decision.

[¶ 11] When an employee asserts a claim for workers' compensation benefits, the employer has three options. It can (1) accept the claim and file a memorandum of

---

**4.** Title 39–A M.R.S. § 205 (2007) provides, in relevant part:

**9. Discontinuance or reduction of payments.** The employer, insurer or group self-insurer may discontinue or reduce benefits according to this subsection.

. . .

**B.** In all circumstances other than the return to work or increase in pay of the employee under paragraph A, if the employer, insurer or group self-insurer determines that the employee is not eligible for compensation under this Act, the employer, insurer or group self-insurer may discontinue or reduce benefits only in accordance with this paragraph.

(1) *If no order or award of compensation or compensation scheme has been entered,* the employer, insurer or group self-insurer may discontinue or reduce benefits by sending a certificate by certified mail to the employee and to the board, together with any information on which the employer, insurer or group self-insurer relied to support the discontinuance or reduction. The employer may discontinue or reduce benefits no earlier than 21 days from the date the certificate was mailed to the employee. The certificate must advise the employee of the date when the employee's benefits will be discontinued or reduced, as well as other information as prescribed by the board, including the employee's appeal rights.

(2) *If an order or award of compensation or compensation scheme has been entered, the employer, insurer or group self-insurer shall petition the board for an order to reduce or discontinue benefits and may not reduce or discontinue benefits until the matter has been finally resolved through the dispute resolution procedures of this Act, any appeal proceedings have been completed and an order of reduction or discontinuance has been entered by the board.*

**C.** *The employee may file a petition for review, contesting the employer's discontinuance* or reduction of compensation under this subsection. Regardless of whether the employee files a petition prior to the date of the discontinuance or reduction, benefits may be discontinued or reduced as described in paragraph A or B.

**D.** The board, within 21 days after the employee filed a petition for review, may enter an order providing for the continuation or reinstatement of benefits *pending a hearing on the petition.* The order must be based upon the information submitted by both the employer, insurer or group self-insurer and the employee under this subsection. Once a request for an order has been ruled upon, the matter may not be referred to mediation, but must be set for hearing.
(Emphasis added.)

payment; (2) deny the claim and file a notice of controversy; or (3) pay without prejudice and file a memorandum of payment. Me. W.C.B. Rule, ch. 1, § 1; *see also* 39–A M.R.S. § 205 (2007).

[¶ 12] In the first two instances, there is no question that section 205(9)(B)(2) controls. Both the employer who accepts the claim and files a memorandum of payment, thus establishing a payment scheme, *see Valliere v. Workers' Comp. Bd.*, 669 A.2d 1328, 1329 (Me.1996), and the employer who initially contests the employee's claim, but eventually pays benefits pursuant to an "order or award of compensation or compensation scheme," are required to continue to make payments until any appeal is completed. Those employers must bring a petition for review before discontinuing or reducing payments, and, regardless of the outcome, must continue paying benefits until appeal proceedings have been completed. 39–A M.R.S. § 205(9)(B)(2); *see also Russell v. Russell's Appliance Serv.*, 2001 ME 32, ¶ 10, 766 A.2d 67, 70. "The apparent purpose of this provision is to promote finality and to reduce the chance of a premature reduction or termination of benefits for employees entitled to receive benefits." *Farris v. Georgia–Pacific Corp.*, 2004 ME 14, ¶ 10, 844 A.2d 1143, 1146.

[¶ 13] In contrast, the employer who makes the initial choice to pay workers' compensation benefits voluntarily, without prejudice, may discontinue or reduce benefits without having to resort to the dispute resolution process, provided the employer gives the employee twenty-one days notice and files the appropriate forms with the board. 39–A M.R.S. § 205(9)(B)(1); *see also Russell*, 2001 ME 32, ¶ 9, 766 A.2d at 70. "The apparent purpose of this provision is to encourage employers to voluntarily pay benefits without the necessity of litigation." *Farris*, 2004 ME 14, ¶ 9, 844 A.2d at 1146.

[¶ 14] However, the employer who initially pays voluntarily and without prejudice is not completely free from formal board proceedings. The employee may contest the discontinuance or reduction of benefits by filing a petition for review. 39–A M.R.S. § 205(9)(C). The employee may also, as Mariner did in this case, seek a provisional order reinstating benefits "pending a hearing on the petition" for review. 39–A M.R.S. § 205(9)(D).

[¶ 15] A.P. Concrete contends that a section 205(9)(D) provisional order does not convert a voluntary payment without prejudice case governed by section 205(9)(B)(1) into a case in which "an order or award of compensation or compensation scheme" has been entered, governed by section 205(9)(B)(2). Mariner contends, and the Abuse Investigation Unit agreed, that a provisional order entered in accordance with section 205(9)(D) constitutes an "order" pursuant to section 205(9)(B)(2), and triggers the pay pending appeal requirement.

[¶ 16] Having examined the entire statutory scheme of which section 205(9)(B) forms a part, we conclude that A.P. Concrete's position is correct. Payment pursuant to a provisional order is different from payment pursuant to a decision awarding compensation after a full hearing on an employee's claim for benefits. A provisional order entered pursuant to section 205(9)(D) is an order "pending a hearing on the petition" for review. To that point, there has been no formal determination or agreement that the employer is liable to pay. A provisional order is an interim measure designed to protect injured employees from an employer's unilateral decision to discontinue benefits until the hearing officer has had an opportunity to fully consider the facts and law related to the claim. It does not, however, represent an order after adjudi-

cation, and an employer who prevails after the hearing on the employee's petition to have the voluntary payments reinstated, is an employer who has up to that point *never* been ordered to make payments after consideration of the merits.

■ [¶ 17] In contrast, an "order or award of compensation or compensation scheme" as contemplated in section 205(9)(B)(2), is entered only after formal proceedings have been initiated and either an agreement has been reached or a decision made by a hearing officer after a hearing on the facts and the law. The procedure for terminating payments when an order, award, or compensation scheme has been entered necessarily "requires that the employer comply with stricter procedural safeguards." *Valliere,* 669 A.2d at 1330 n. 2 (upholding section 205(9)(B)(1) against a challenge on due process grounds). The less strict procedural safeguards in section 205(9)(B)(1) encourage informal resolution of workers' compensation claims, while protecting the employee until a decision can be reached by a hearing officer.

[¶ 18] To ascertain the Legislature's intent, Mariner would have us look outside section 205(9), contending that other statutes and regulations required A.P. Concrete to make payments pending a decision on the petition for additional findings and conclusions. He contends that 39–A M.R.S. § 324(1) applies here. It provides: "If the board *enters a decision awarding compensation* and an appeal is filed with the Law Court pursuant to section 322, payments may not be suspended while the appeal is pending." 39–A M.R.S. § 324(1) (emphasis added). However, section 324 is inapplicable by its plain language. The board did not enter "a decision awarding" Mariner compensation; it entered a provisional order for continued payments pending a hearing. It is undisputed that no "award" ever occurred. In effect, the

Board entered an order maintaining the status quo until hearing could be held. Moreover, no appeal pursuant to 39–A M.R.S. § 322 was ever filed from the decision on Mariner's petition for review.

■ [¶ 19] Mariner also contends that Me. W.C.B. Rule, ch. 8, § 6 mandates continued payments. Rule, ch. 8, § 6 provides that "[t]he employer is obligated to make all payments of benefits ordered by a hearing officer of the Workers' Compensation Board pending the issuance of further findings of fact and conclusions of law requested pursuant to 39–A M.R.S.A. § 318 and pending any appellate process." Here, however, there was no continued obligation to make payments after the hearing officer ruled on the petition for review. To the contrary, not only had the provisional order expired pursuant to its own terms and section 205(9)(D), but the hearing officer also explicitly authorized A.P. Concrete to cease making payments.

[¶ 20] Finally, we conclude that not only does the interpretation of the statute lead to the conclusion that a provisional order reinstating a voluntary payment schedule is not an order, award, or compensation scheme for purposes of section 205(9)(B)(2), but also that the Legislature's intent to support the practice of voluntary payment would be frustrated by a contrary result. Moreover, it benefits the employee to have hearing officers free to enter interim orders without the hesitation or reluctance that could arise out of concern for creating, without hearing on the merits, a long-term obligation for payments of benefits that may be determined not to be owed.

[¶ 21] Thus, the entire statutory and regulatory scheme compels the conclusion that the payments made without prejudice pursuant to section 205(9)(B)(1) do not become subject to the payment-pending-appeal provisions of the Act or Rules when a

provisional order reinstating benefits pending a hearing is entered.

The entry is:

The decision of the Workers' Compensation Board Abuse Investigation Unit is vacated, and the penalty is eliminated.